# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **JOSEPH ANTHONY REYNA** and **DREAMS OVER DOLLARS**, *Plaintiffs* <br><br> v. <br><br> **DAVITA INC.**, *Defendant* | § § § § § § § § § <br><br> No. 1:25-CV-01028-RP-SH |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:  THE HONORABLE ROBERT PITMAN
  UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiffs' Complaint (Dkt. 1) and Application to Proceed in District Court Without Paying Fees or Costs (Dkt. 2), both filed June 27, 2025.[1]

Plaintiff Joseph Anthony Reyna, proceeding *pro se*, brings this suit on behalf of himself and his nonprofit Dreams Over Dollars against Defendant DaVita Inc. under several federal statutes.[2] Reyna seeks declaratory relief, establishment of a constructive trust, and "Public-Interest Redress." *Id.* at 1. He also requests leave to file this suit without paying the filing fee under 28 U.S.C. § 1915(a)(2).

---

[1] The District Court referred this case to this Magistrate Judge pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 3.

[2] This is the fourth suit Reyna has filed in this Court in less than two months. *Reyna v. Texas Dep't of State Health Servs.*, No. 1:25-cv-00871-ADA (W.D. Tex. June 2, 2025); *Reyna v. Spotify Tech. S.A.*, No. 1:25-cv-01023-DAE (W.D. Tex. June 26, 2025); *Reyna v. Texas Med. Liab. Tr.*, No. 1:25-cv-01105-ADA-ML (W.D. Tex. July 15, 2025); *Reyna v. Nelnet, Inc.*, No. 1:25-cv-01107-ADA-DH (W.D. Tex. July 15, 2025). He also filed three recent suits in state court. *In Re: Dreams Over Dollars Found.*, No. D-1-GN-25-004536 (353rd Dist. Ct., Travis County, Tex. June 26, 2025); *Reyna v. Red Bull GMBH*, No. D-1-GN-25-004931 (98th Dist. Ct., Travis County, Tex. July 11, 2025); *Reyna v. McDonald's Corp.*, No. D-1-GN-25-005045 (345th Dist. Ct., Travis County, Tex. July 16, 2025).

### I. Application to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that he cannot pay such fees or security. Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an *in forma pauperis* determination, a court should consider whether an applicant may pay the filing fee without suffering undue financial hardship. *Id.* "There is no requirement that an individual be absolutely destitute or spend the last dollar they have towards the payment of court costs to enjoy the benefit of in forma pauperis status." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024) (cleaned up).

After reviewing Reyna's application, the Court finds that he cannot pay the filing fee without experiencing undue financial hardship. The Court **GRANTS** Reyna *in forma pauperis* status and **ORDERS** the Complaint to be filed without pre-payment of fees or costs. This *in forma pauperis* status is granted subject to later determination that the action should be dismissed if the allegation of poverty is untrue, or the action is found to be frivolous or malicious under § 1915(e)(2). The Court also may impose costs of court against Plaintiffs at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has reviewed the claims in Reyna's Complaint under § 1915(e)(2) and recommends that his lawsuit be dismissed. Service should be withheld pending the District Court's review of this recommendation.

### II. Frivolousness Review Under Section 1915(e)(2)

Because Reyna has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the Complaint under § 1915(e)(2). This statute "is designed largely to

discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The Court liberally construes the pleadings of litigants who proceed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). While *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a plaintiff's *pro se* status offers "no impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

A district court shall dismiss a complaint filed *in forma pauperis* if it determines that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325. A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Reyna alleges that DaVita "has amassed substantial revenue through a pattern of racialized medical practices, charitable misrepresentation, and whistleblower suppression," causing Dreams Over Dollars "reputational harm, resource diversion, and operational disruption." Dkt. 1 at 2, 4 (emphasis omitted). Reyna's claims lack any factual support or legal basis, and the Court cannot discern the gravamen of his complaint. The claims are "so insubstantial, implausible, or otherwise completely devoid of merit" that the Court lacks federal jurisdiction to entertain them. *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) (cleaned up). Accordingly, Plaintiffs' lawsuit should be dismissed as frivolous.

### III.   Order and Recommendation

For these reasons, this Magistrate Judge **GRANTS** Plaintiff Joseph Anthony Reyna's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's lawsuit without prejudice for lack of subject matter jurisdiction.

The Court further **ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

### IV.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on July 29, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE